UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN ACOSTA ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Herman Acosta, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Herman Acosta, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant transacts business in this District.

## III.   PARTIES

4.      Plaintiff, Herman Acosta, is an adult natural person residing at 300 John W Road, Alpine, Texas 79830.

5.      Defendant, Portfolio Recovery Associates, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Texas and the Commonwealth of Pennsylvania with a registered office located at 2021 Arch Street, Philadelphia, PA 19103 and its principal place of business located at 2050 Adams Trail, Vernon Hill, VA 24597.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.      Sometime on or about April 22, 2009, Defendant's agent contacted Plaintiff in regard to a consumer debt, namely one owed to Capital One National Association dating back to the year 2000.

8.      On or about May 11, 2009 Plaintiff received a letter from Defendant stating that the debt was in the amount of $1,479.43, which had now accrued interest and fees and would continue to do so until the debt was satisfied.  See letter attached hereto as Exhibit "A".

9.      On or about May 22, 2009, Plaintiff sent a certified letter requesting validation of the alleged debt owed to Capital One National Association.  In that same correspondence Mr. Acosta also asked that all telephone communication to his home and place of business be stopped.  See letter attached hereto as Exhibit "B".

10.     Defendant's agent's continued to call even after receipt of Plaintiff's certified letter.

11.      In a notice dated June 4, 2009, Defendant sent what they considered to be sufficient validation of the debt owed.  Plaintiff was still unsure of his responsibility for the debt.  See letter attached hereto as Exhibit "C".

12.     In said letter above Defendant also informed Plaintiff that he needed to put any further dispute of the account in writing and send the proper documentation needed so that their agent's could do a proper investigation.

13.     On or about June 15, 2009 Plaintiff sent a certified letter to Defendant stating he found the information that they sent to be an inadequate response to his request.  Mr. Acosta felt that they in no way proved his ownership of the debt, and more importantly Defendant's ownership and right to collect the debt.  See letter attached hereto as Exhibit "D".

14. In a letter dated July 2, 2009, Defendant's Dispute Department stated that they could not complete the dispute investigation because they did not receive the proper information from Plaintiff. See letter attached hereto as Exhibit "E".

15. Plaintiff was informed by Defendant that they would be terminating any dispute investigation because Mr. Acosta failed to provide them with the proper documentation. Plaintiff was told that his account would be returned to the collection floor and that representatives would be instructed to continue pursuing the balance due.

16. After several months of continued communication, Plaintiff has still never received accurate validation of this debt. Defendant by and through their agents continue to call and demand payment on the balance due.

17. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), c(a)(3), c(c), d, d(5), d(6), e, e(10),f, g and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

   a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. § 1692k;

   d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e.       Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: August 4, 2009**         **BY:** ___*/s/ Bruce K. Warren*___
Bruce K. Warren, Esquire

  ___*/s/ Brent F. Vullings*___
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney's for Plaintiff